CHIEF JUSTICE GRAY,
specially concurring.
¶34 I agree with the Court’s opinion on Issue One. I also concur in the result the Court reaches on Issue Two, but write separately to express my concern about the procedure used by the District Court-and approved by this Court-in hearing Gazda’s request to remove appointed counsel and appoint new counsel.
¶35 It appears to me that we have diverging lines of authority on matters relating to the appropriate scope of a trial court’s initial inquiry into a defendant’s motion to remove appointed counsel. The first line of authority suggests, as does the Court’s opinion here, that a court may hear from defense counsel at the initial “seemingly substantial” inquiry on a request to remove appointed counsel. See Kellames, ¶¶ 23-27; Gallagher, ¶ 15; City of Billings, 281 Mont. at 136-37, 932 P.2d at 1060. Other authority suggests the process for dealing with such a request is a clearly distinct two-part test: (1) an initial inquiry into the defendant’s allegation, after which the district court *527 makes a determination whether the complaints are seemingly substantial; and (2) where a seemingly substantial complaint is found, new counsel is appointed for a hearing on the merits. See Finley, 276 Mont. at 145-46, 915 P.2d at 220. In my view, the latter approach of delaying counsel’s response to such a motion until the hearing on the merits of a seemingly substantial complaint is far preferable.
¶36 The approach used in this case, in which counsel actually responds to the complaints at the initial inquiry, is troubling to me. “Responding” is essentially-at least in most cases-disagreeing with one’s client. At the moment counsel does so, the defendant is both unrepresented and prejudiced by having counsel testify against him or her. Indeed, we said as much in Finley. “Finley’s right to counsel attached at the post-trial hearing in which the District Court asked him to explain his complaints and then allowed his counsel to take the stand and rebut Finley’s allegations.” Moreover, “[i]n effect, Finley was without counsel at this point in the proceedings because his own attorney testified against him.” See Finley, 276 Mont. at 145, 915 P.2d at 220.
¶37 To the extent our cases suggest defense counsel may testify in response at the initial inquiry on a request for appointment of new counsel, I submit they invite serious conflict-of-interest and denial-of-the-right-to-representation questions. In my view, any response by appointed counsel to a request for appointment of new counsel must be delayed until after the court has made a seemingly substantial determination and appointed new counsel to represent the defendant in a hearing on the merits.
¶38 Nevertheless, I conclude the second approach would result in an “error, but harmless” resolution in this case, because the issue between Gazda and his attorney related to the motion to dismiss on double jeopardy grounds. Under these facts and the Court’s opinion on Issue One, Gazda’s counsel could not have prevailed on such a motion and, consequently, no prejudice resulted. For that reason, I concur with the result reached by the Court on Issue Two.